

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

September 30, 1949.

Hon. J. E. McDonald
Commissioner
Department of Agriculture
Austin, Texas

Opinion No. V-918.

Re: Availability of Item
56 of the current ap-
propriations to the
Department of Agricul-
ture for the payment
of expenses incurred
in the administration
of the Pink Boll Worm
Law. (H.B. No. 322,
Acts 51st Leg.)

Dear Sir:

        Reference is made to your request for an opin-
ion, which reads, in part, as follows:

        "We desire the opinion of your office
as to whether or not this department can
pay 'other expenses' in the administration
of Chapter 3, and Title 4, R.C.S. 1925 and
any amendment known as the Pink Boll Worm
Law, from Item #56 of H.B. 322, passed by
the 51st Legislature, which Item reads as
follows: 'Seasonal salaries, none to exceed
$200 per month for administration of Chap-
ter 3, Title 4, R.C.S. 1925 ....$5000.00?'

        "For your information, Item #56, refer-
red to above is the companion appropriation
to Item #68 of S.B. 391, passed by the 50th
Legislature which Item reads as follows:
'Seasonal salaries (none to exceed $190 per
month each) and other expenses in the admin-
istration of Chapter 3, and Title 4, R.C.S.,
1925 and any amendment known as the Pink
Bollworm Law.'

        "The State Comptroller has presently
set up this Item #56 in the amount of $5000.-
00 as Seasonal Salaries only, effective Sept.
1, 1949. In this connection, if this appro-
priation is allowed to stand, limited to

salaries only, with no part of the $5000.00
to pay general or contingent expenses for
Pink Bollworm control work, then the pro-
ject is going to be critically handicapped
not only from the State's viewpoint but it
will become a problem of National scope as
well.

"It is our interpretation, that the
51st Legislature had no intention of deny-
ing this department of the use of these
funds, by limiting the amount to salaries
only, when it has been a custom of the de-
partment for many years in the past, and
the several sessions of the Legislature has
re-appropriated the money from one budget
to another, leaving it to the discretion of
the Commissioner as to how much should be
expended for salaries, and to general ex-
penses in the enforcement of the Pink Boll-
worm Law. It is our belief that the entire
wording for Item #56 should read exactly as
quoted above from Item 68, and our further
belief that the 51st Legislature so intend-
ed; but the wording of this particular Item
(Item #56) was erroneously phrased in the
final draft of the Appropriation bill, either
clerically or stenographically, as all of
this wording as it should have been appears
on Page #14, (but not in proper sequence)
mimeographed copy of H.B. #322 which was
presented on the floor for final passage
by the 51st Legislature."

Item 68 of the appropriations made to the De-
partment of Agriculture for the biennium ending August
31, 1949, appropriated $5000.00 for each year of the
biennium for the following purposes:

"Seasonal salaries and Other Expenses
in Administration of Chapter 3 and Title 4,
R.C.S. 1925 and any Amendment known as the
Pink Bollworm Law." S.B. 391, Acts 50th Leg.
R.S. 1947, ch. 400, p. 803.

Item 56 of the appropriations made to the De-
partment of Agriculture for the current biennium is an
appropriation of $5000.00 for each year thereof for
"Seasonal salaries, none to exceed $200.00 per month for

administration of Chapter 3, Title 4, R.C.S., 1925"  H.B. 322, Acts 51st Leg., R.S. 1949, ch. 615, p. 1208.

We quote with approval from Opinion No. O-906, written during the administration of Attorney General Gerald C. Mann:

"It is, of course, elementary law that money appropriated by the Legislature cannot be used for any other purpose than that specified in the appropriation bill without constituting a mis-application of public funds.

"Conference opinion, Attorney General's Department, August 18, 1921, by Honorable E. F. Smith:

"'It is the law of the State that no part of the money appropriated by the Legislature can be used for any purpose other than the specific purpose named in the appropriation bill.  An expenditure for a purpose other than the one for which the money was appropriated would be a mis-application of public funds.  The Comptroller would not be authorized to draw his warrant on any fund for any purpose except the purpose named in the Act, and the Treasurer would be without authority to honor a warrant on any fund for any purpose except that named in the appropriation bill.'

"The above opinion quotes from 4 Corpus Juris 1460, as follows:

"'An appropriation of funds is an authority from the Legislature, given at the proper time, and in legal form, to the proper officers, to apply sums of money, out of that which may be in the treasury in a given year, to specified objects or demands against the State; the act of the Legislature in setting apart or assigning to a particular use a certain sum of money to be used in the payment of debts or dues from the State to its creditors; a setting apart from the public revenue of a certain

sum of money for a specified object, in
such manner that the executive officers
of the government are authorized <u>to use
that money and no more for that object,
and for no other.</u> (Underscoring ours)."

It may be, as stated by you, that the Legislature had no intention of denying to your Department funds to pay traveling and other expenses necessary to enforce the provisions of a law so important to the cotton industry of this State as the Pink Bollworm Law, and its failure to provide for the payment of such expenses may have been due to an error or oversight. However, we cannot speculate as to what the Legislature may have intended or the reason why an appropriation for the payment of such expenses was not made. We can, in this instance, consider only the plain, unambiguous language found in Item 56 to determine its meaning and the purpose for which the money appropriated therein is to be expended, which is to pay "seasonal salaries" only. Therefore, it necessarily follows that it is our opinion such appropriations may not be lawfully expended for traveling or other expenses incurred in enforcing the provisions of the Pink Bollworm Law.

## SUMMARY

The money appropriated to the Department of Agriculture in Item 56 of the current appropriations for the purpose of paying "seasonal salaries" may not be lawfully expended for traveling and other expenses incurred by the Department in the enforcement of the Pink Bollworm Law. H.B. No. 322, Acts 51st Leg.; A.G. Opinion No. 906.

Yours very truly,

APPROVED

*Price Daniel*

ATTORNEY GENERAL OF TEXAS

*Bruce W. Bryant*

ATTORNEY GENERAL

By

Bruce W. Bryant
Assistant

BWB:amm:mw